IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ENZO LIFE SCIENCES, INC., et al.** | * | |
| | * | |
| v. | * | **Civil No. DKC 05-1263** |
| | * | |
| **AFFYMETRIX, INC.** | * | |
| | * | |

## MEMORANDUM

This motion to quash a subpoena, filed in this court pursuant to Rule 45 of the Federal Rules of Civil Procedure, arose from the cases of *Affymetrix, Inc. v. Enzo Biochem, Inc.* (Enzo), Nos. 03-8907 and 04-1555, presently pending in the Southern District of New York. Movant Gene Logic, Inc., which is not a party to the New York cases, seeks relief from a subpoena it received from Defendant Enzo in connection with those cases. The matter was referred to me pursuant to Section 636 of Title 28 of the United States Code and Local Rule 301 (D. Md.).

The New York cases arise out of a distribution agreement between Enzo and Affymetrix, Inc.. The cases include allegations that Affymetrix breached the agreement and tortiously interfered with contract extension negotiations between Enzo and Gene Logic, causing Gene Logic to decline to extend its contract with Enzo.

The subpoena's failure to allow a reasonable time for compliance is alone sufficient to compel the granting of Gene Logic's motion to quash. Served on Gene Logic at its Gaithersburg, Maryland, address on April 26, 2005, the subpoena set forth 24 broad categories of documents, spanning a nine year period, to be produced in New York City on April 29, 2005. It also sought production of a Rule 30(b)(6) witness, prepared to testify concerning 24 "subject matter categories," on May 6, 2005. Motion Ex. 1. Enzo states that the timing of the subpoena was caused by "the impending close of fact

discovery" which has now been extended, that Enzo offered to negotiate the schedule, and that the appropriate remedy for a subpoena's failure to allow a reasonable time for compliance is an extension of time for compliance. Opp. at 7-8.

Under Rule 45, a subpoena that does not allow reasonable time for compliance *shall* be quashed. Three days' notice for the extensive document production demanded here, to take place more than 100 miles from the producer's place of business, is patently unreasonable. Similarly unreasonable is one week's notice to produce a Rule 30(b)(6) witness to cover 24 broad "subject matter categories."

Facing an impending discovery deadline, Enzo waited until seven days prior to its expiration before serving this subpoena, and offers no explanation for this delay. Rather, Enzo offers only the claim that the discovery deadline has been extended. That claim is refuted by the record, Reply Ex. 1 at 8-9, and even if correct, would not excuse the delay because the "extension" did not occur until after this subpoena was served. Under these circumstances, no cause, much less good cause, for relief from the mandate of Rule 45 has been shown.[1] *See Potomac Elec. Power v. Electric Motor Supply*, 190 F.R.D. 372, 375 (D. Md. 1999) ("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief").

Gene Logic's contention that the subpoena is unduly burdensome presents an alternative basis for granting the motion to quash. Gene Logic's affidavit indicates that the subpoena's lack of time specificity would require searches of documents created as early as 1994, involving dozens of boxes

---

[1] Of course, Enzo's suggested remedy of an extension of time is also unavailable because this court cannot extend the discovery deadline in the New York cases.

and hundreds of hours. Motion Ex. 5. In addition, many of Enzo's requests seek documents which should be obtainable from Affymetrix. Rather than address these allegations, Enzo merely responds that the discovery it seeks is relevant to the New York litigation, that its counsel offered to narrow the scope of "some of the subject matter categories," and that the time frame dates from 1996, not 1994. Opp. at 7. This amounts to a complete failure to address Gene Logic's substantial showing of undue burden.

By separate order filed today, Gene Logic's Motion to Quash Subpoena will be granted.

Gene Logic also seeks an award of its costs and attorney's fees in connection with the motion to quash. Enzo's failure to provide a reasonable response time or to reasonably limit its requests, coupled with Gene Logic's prompt service of objections to the subpoena, makes such an award appropriate.[2] Gene Logic may submit its costs and fees within 30 days of the date of this Order, Enzo may respond within 14 days, and Gene Logic may reply within 10 days.

Date:   July 11, 2005                                               /S/
                                                              JILLYN K. SCHULZE
                                                          United States Magistrate Judge

---

[2] After Gene Logic's objections were served, Enzo's counsel called Gene Logic's counsel, "explained the relevance and need for the discovery," "offered to narrow some of the subject matter categories . . . , if necessary," and offered to negotiate a response schedule. Opp. Ex. at ¶¶ 4 and 5. In view of Enzo's initial duty under Rule 45 to avoid unduly burdening Gene Logic, the response to the objections was both too little and too late.