IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**ENZO LIFE SCIENCES, INC., et al.**  *
                                       *
**v.**                                 *    **Civil No. DKC 05-1263**
                                       *
**AFFYMETRIX, INC.**                   *
                                       *

## MEMORANDUM

By Memorandum and Order of July 11, 2005, the court granted Gene Logic, Inc.'s motion to quash a subpoena issued by Enzo Biochem, Inc. and Enzo Life Sciences, Inc., (Enzo), in connection with litigation pending in the Southern District of New York. The court held that the issuance of the subpoena violated the duty imposed by Rule 45 of the Federal Rules of Civil Procedure to avoid placing undue burden or expense on the subject. Specifically, the subpoena was overbroad, sought material from a nonparty that should have been obtainable from a party, and set an unreasonable time for compliance. Accordingly, the court found that an award of costs and fees was appropriate. The question of the amount to be awarded has now been fully briefed and no hearing is deemed necessary. The court will award $23,215.00 in costs and fees to Gene Logic.

Enzo argues initially that Gene Logic acted in bad faith by beginning the preparation of the motion to quash despite Enzo's expressed willingness to negotiate the subpoena's terms. Enzo apparently argues that when Mr. Bornstein "explained the relevance and need for the discovery, . . . offered to work with Gene Logic to narrow some of the subject matter categories in the subpoena, if necessary," and offered to negotiate a time schedule, (Bornstein Decl. at ¶ 4), Gene Logic should have delayed its preparation of the motion to quash. However, as noted in the Memorandum of July 11, 2005, Enzo's efforts to be more reasonable should have preceded the issuance of the subpoena and were not, in any event, adequate to address the subpoena's excesses. Gene Logic's decision to prepare a motion to quash was not premature.

Gene Logic's fee schedule is attacked as containing excessive hourly rates. Enzo relies on this court's Guidelines for determining lodestar fees in civil rights and discrimination cases. Gene Logic replies with information regarding rates actually charged by counsel who prepared the motion as well as rates charged by other area law firms, including Enzo's own counsel. The customary fees charged for similar work are more appropriately applied to this case than are the court's guidelines for civil rights and discrimination cases. The hourly rates sought by Gene Logic are in accordance with the community market rate and will thus not be adjusted.

Finally, Enzo attacks the time sheets submitted to support the fee claim, asserting that some of the time entries are too general, that too much time was spent on certain tasks, and that some of the work was duplicative. Although most of the entries are sufficiently detailed and justified, Enzo is correct as to four of them. The Adams entry for May 3, 2005, claims 3 hours to review local rules and practice; given Ms. Adams' experience, a more reasonable time would be half that amount, and that charge will thus be reduced by $600. On May 6, 2005, Ms. Adams claims 7.7 hours, and Ms. Walkenhorst 4.1 hours, to review and edit the motion and for telephone consultation. A reasonable time is 3.0 hours for Ms. Adams and 2.0 hours for Ms. Walkenhorst, both of whom had spent many hours on the motion the day before, for a total reduction of $2,510. Finally, the June 17, 2005, "attention to reply brief," while a reasonable task, is insufficiently detailed to justify 3.6 hours and will accordingly be reduced by $1,040, to one hour.

In sum, Gene Logic's fee and costs petition is reduced by $4,150.00, to a total of $23,215.00. By Order filed today, that amount will be awarded.

Date: September 14, 2005                              /S/
                                                JILLYN K. SCHULZE
                                              United States Magistrate Judge